UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAYMOND EASTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: |
| ) | |
| SMOKEY BONES BAR & FIRE GRILL, d/b/a ) | |
| BARBEQUE INTEGRATED, INC., ) | |
| ) | |
| Defendant(s). ) | |

## COMPLAINT

Plaintiff alleges against Defendant(s) as follows:

1. The Plaintiff is Raymond Eastin, a resident of Fort Wayne, Indiana, and an employee of the defendant at all material times to this Complaint.

2. The Defendant is Smokey Bones Bar & Fire Grill, d/b/a Barbeque Integrated, Inc., a company doing business at 1203 Apple Glen Boulevard, Fort Wayne, Indiana 46804.  At all material times to this Complaint, Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. ("Title VII"), and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq*. ("ADA").

3. Plaintiff filed his Charge of Discrimination (EEOC No. 470-2017-0487) on November 4, 2016, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A."  The EEOC issued its Dismissal and Notice of Rights on March 9, 2017, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "B."  All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

–1–

4. Plaintiff was employed by the Defendant as a manager from on or about March, 2014, until his wrongful termination on August 12, 2016.   Plaintiff performed within the reasonable expectations of his employer at all times material to this Complaint.

5. On or about July 11, 2016, Plaintiff changed date stickers on three packs of ribs – extending their shelf life. On or about July 18, Plaintiff's General Manager asked him about changing the date stickers on the ribs. Plaintiff admitted that he had. The General Manager acknowledged what Plaintiff said and did not proceed with disciplinary action. Instead, Plaintiff's General Manager used the ribs that Plaintiff had changed the dates on.

6. On or about August 1, 2016 Plaintiff informed the General Manager that he would need to take a leave of absence because his doctor was recommending heart surgery and a pacemaker. Plaintiff informed the General Manager that he would need to take approximately one to two months off work, per his doctor's instruction. This request for leave was protected under the FMLA (Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*.) Plaintiff was denied substantive benefits under the FMLA, his job was interfered with because he gave notice of his need for medical leave, and he was retaliated against and fired because he requested medical leave for the immediate future.

7. On or about August 12, 2016, Plaintiff was terminated. The proffered reason for termination was that he had changed the date stickers on the ribs.   Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality, Defendant discriminated and retaliated against Plaintiff because of his disability/perceived disability/record of impairment in violation of Plaintiff federally protected rights under the ADA.

–2–

8. Defendant also failed to engage in the interactive process and prohibited Plaintiff from utilizing any reasonable accommodations, such as allowing Plaintiff to take time off work to tend to his medical needs.

9. Alternatively, Plaintiff contends that he was discriminated against on the basis of his sex, because Plaintiff's General Manager, a female, was not terminated for using the ribs that Plaintiff had changed the date on, in violation of his rights under Title VII.

10. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of lost his job and job related benefits including income.   Plaintiff suffered and continues to suffer from, emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and other damages and injuries for which he seeks compensatory damages.

11.  Furthermore, Defendant's discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected civil rights under the ADA and Title VII.   Given the intentional nature of Defendant's actions, Plaintiff is entitled to receive punitive and/or liquidated damages against the Defendant.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive/liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**


 /s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
Facsimile: (260) 424-0712
E-mail: cmyers@myers-law.com
Attorney for Plaintiff

JH